UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNATHON TRIPP, MARY BANDY, and ) <br> J.B., a minor, by and through his Next Friend ) <br> and mother Mary Brandy, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ADAM KLINE and U.S. XPRESS LEASING, ) <br> INC., ) <br> ) <br> Defendants. ) | Cause No. 4:06CV01252 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiffs' Motion to Remand [doc. #5].

**I.     BACKGROUND FACTS**

This case comes here by reassignment order on August 31, 2006.  On August 19, 2005, Plaintiffs Johnathon Tripp, Mary Bandy, and J. B. (collectively, "Plaintiffs") filed a Petition against Defendants Adam Kline and U.S. Xpress Leasing, Inc. (collectively,"Defendants") in the Circuit Court of the City of St. Louis, Missouri.  In the petition, Plaintiffs allege that on September 14, 2000, Defendant Kline was traveling westbound on Interstate 44 in Crawford County, Missouri in a 2000 Freight-liner tractor-trailer, owned, maintained, and operated by Defendant U.S. Xpress Leasing, and at the time of the incident, Defendant Kline was an employee of Defendant U.S. Xpress Leasing acting within the course and scope of his employment. According to Plaintiffs, Richard Brandy was driving a car occupied by Plaintiffs which slowed for traffic in the right hand lane, when Defendant Kline violently and without warning slammed into the back of Richard Brandy's car, causing Plaintiffs to suffer various personal injuries.  Plaintiffs

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

filed a three-count petition against Defendants alleging that the vehicle collision and the resulting injuries were directly and proximately caused by Defendants' "negligence, carelessness, failures and omissions." In Count I, Plaintiff Johnathon Tripp seeks compensatory damages "as are fair and reasonable under the circumstances, in excess of $25,000," for his personal injuries. In Count II, Plaintiff Mary Brandy seeks compensatory damages "as are fair and reasonable under the circumstances, in excess of $25,000," for her personal injuries. In Count III, Plaintiff J.B., a minor, seeks compensatory damages "as are fair and reasonable under the circumstances, in excess of $25,000," for his personal injuries.

On August 18, 2006, Plaintiff J. B. and Defendants reached an agreement to settle all of his claims. On November 14, 2006, this Court approved the settlement. On August 18, 2006, Defendants filed a Notice of Removal, stating that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. On August 30, 2006, Plaintiffs timely filed the instant Motion to Remand. Plaintiffs first argue that Defendants failed to file a notice of removal within thirty days after receiving Plaintiffs' petition, in violation of 28 U.S.C. § 1446(b).[1] Plaintiffs

---

[1] The procedure for the filing of a notice of removal is outlined in 28 U.S.C. §1446(b):

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which ever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more than 1 year after commencement of the action.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

alternatively argue that if the case was not removable within thirty days after Defendants received Plaintiffs' petition, Plaintiff J. B.'s settlement agreement was not approved by the Court within one year after commencement of this action, and, therefore, did not constitute an "other paper"[2] under § 1446(b).

In opposing the motion, Defendants argue that the case was not removable when Defendants received Plaintiffs' petition because Plaintiff J.B.'s individual claims did not exceed $75,000. Defendants further allege that on August 18, 2006, Plaintiff J.B. entered into a settlement agreement with Defendants which constituted an "other paper" for purposes of §1446(b), and as a result, removal was proper.

## II.     STANDARD FOR FEDERAL JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that had occurred in [the] eight years [of litigation] a nullity"). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the

---

[2] The term "other paper" means a paper in the state court action that does not constitute an "'amended pleading, motion [or] order.'" *Black v. Brown & Williamson Tobacco Corp.*, No. 4:05CV01544ERW, 2006 U.S. Dist. LEXIS 26212, at *17 (E.D. Mo. March 17, 2006) (quoting *Kocaj v. Chyrsler Corp.*, 794 F. Supp. 234, 237 (E.D. Mich. 1992)). "'Thus, the provision relates only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is stated....'" *Id*. (internal citations and quotations omitted).

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Business Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

## III. DISCUSSION

One basis for removal is diversity of citizenship pursuant to 28 U.S.C. § 1332. Jurisdiction under § 1332 requires (1) complete diversity of citizenship and (2) a minimum amount in controversy in excess of $75,000. 28 U.S.C. § 1332. In the present case, the parties agree that each Plaintiff is a resident and citizen of the State of Missouri, Defendant Kline is a resident and citizen of the State of Ohio, and Defendant U.S. Xpress is a resident and citizen of the State of Tennessee. Therefore, the diversity requirement is satisfied. The Court concludes that Defendants fail in their burden to show that the amount in controversy requirement is met.

In a case based upon this Court's diversity jurisdiction, the amount in controversy must

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

exceed $75,000, exclusive of interests and costs, 28 U.S.C. § 1332(a). The Eighth Circuit has held that "a complaint that alleges the jurisdictional amount in good faith will suffice to confer federal diversity jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Kopp v. Kopp,* 280 F.3d 883,884 (8th Cir. 2002); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 830 (8th Cir. 2005) (raising the issue of jurisdiction *sua sponte*, the court concluded that "it appears to a legal certainty that the claim is really for less than the jurisdictional amount."). Defendant, the proponent of federal jurisdiction, has the burden of proving the jurisdictional amount by a preponderance of the evidence. *See Id.*; *see also McCord v. Minn. Mutual Life Ins. Co. (In re Minn. Mut. Life Ins. Co. Sales Practice Litig.)*, 346 F.3d 830, 834 (8th Cir. 2003). Specific facts are required to demonstrate that the jurisdictional amount has been met. *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004); *see also Corlew v. Denny's Restaurant, Inc.*, 983 F. Supp. 878, 880 (E.D. Mo. 1987) (finding amount in controversy requirement was not met where plaintiff demanded exactly $75,000 to settle case).

It is this Court's opinion that Defendants have failed to prove the requisite federal jurisdictional amount by a preponderance of the evidence and that this Court cannot, with legal certainty, state that the claims of Plaintiffs Jonathan Tripp and Mary Brandy allege an amount in controversy in excess of $75,000. The Supreme Court has instructed that when two or more plaintiffs, having separate and distinct claims, unite in a single action, each are required to individually meet the requisite jurisdictional requirement. *Troy Bank of Troy, Indiana v. G.A. Whitehead & Co.*, 222 U.S. 39, 40-41 (1911); *see also Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 250 (8th Cir. 1987). In the Notice of Removal, Defendants allege that the amount in

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, for the claims of Plaintiffs Johnathon Tripp and Mary Brandy. The petition filed in state court requests damages in excess of $25,000 for each Plaintiff. Furthermore, in their response to Defendants' Interrogatories, Plaintiffs each claimed damages in excess of $25,000.[3] *See Larkin v. Brown*, 41 F.3d 387, 389 (8th. Cir 1994) (citing *Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir. 1969)) (in determining the amount in controversy, answers to interrogatories serve as the equivalent of affidavits to either support or defeat diversity jurisdiction).

Defendants did not get a lot of help from Plaintiffs in these responses. In any event, it is Defendants' burden to show that the jurisdictional element is satisfied for each Plaintiff. When Defendants filed this notice of removal on August 18, 2006, they provided no additional evidence to the Court that was not known to them upon receipt of Plaintiffs' petition in September, 2005. Acknowledgment of the J.B. settlement papers proves nothing. One less plaintiff remained in the suit, after the Court approved the settlement, and Defendants were aware that his individual claim was valued at less than the jurisdictional requirement.

Furthermore, Plaintiffs' individual claims cannot be aggregated to satisfy the amount in controversy requirement. Multiple plaintiffs may aggregate their claims to satisfy the jurisdictional requirement only if the claims are based on a "common and undivided interest." *Troy Bank*, 222 U.S. at 40-41. "An identifying characteristic of a common and undivided interest

---

[3] Defendants' Interrogatory Number 18, directed to Plaintiffs Jonathon Tripp and Plaintiff Mary Brandy, asks: "Pursuant to RSMo 509.050, what dollar amount of damages is plaintiff seeking as compensation for his injuries? Please specify the personal injury damages and property damages claimed." In answer to Defendants' Interrogatories, both Plaintiffs Jonathon Tripp and Mary Brandy stated that the amount of damages was "an amount in excess of $25,000." *See* Defs.' Notice of Removal, Attach. 2, 3.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1079 (8th Cir. 2003). Defendants have not presented evidence, and the Court's review of the record does not support a finding that Plaintiffs' claims are based on a common undivided interest. Consequently, Plaintiffs' individually claimed losses cannot be aggregated to gain jurisdiction and removal to this Court was improper.

The Court further finds that even if the diversity jurisdictional requirements were satisfied, Defendants' notice of removal to federal court was untimely. A defendant must file a notice of removal in the district court within thirty days of being served with the initial pleading or, if the case stated by the initial pleading is not removable, within thirty days of ascertaining that a case has become removable. 28 U.S.C.§1446(b). Additionally, if a party seeks removal on the basis of diversity jurisdiction, a notice of removal must be filed no later than one year after commencement of the action. *Id.* The thirty-day period for filing a notice of removal begins to run after the defendant has actual notice of the amount in controversy. *Williams v. Safeco Ins. Co. of Am.*, 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999). The time limit is mandatory and is strictly construed in favor of state court jurisdiction. *See McHugh*, 953 F. Supp. at 299. If a defendant fails to timely file a notice of removal, the defendant's right to remove is foreclosed. *Id.* Strictly construing the removal rules "promote[s] expedited identification of the proper tribunal." *Id.*

Defendants assert that the case became removable on August 18, 2006, when Plaintiff J. B. agreed to settle all of his claims. Plaintiffs correctly point out that under Missouri Revised Statute §507.184,[4] Plaintiff J. B.'s settlement required court approval to be effective. Plaintiffs

---

[4] Missouri Revised Statute § 507.184 (2007), entitled "Powers of next friend, conservator or guardian on trial and settlement--court approval," provides in pertinent part:

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

argue that because Plaintiff J. B.'s settlement agreement was not approved by the Court within the one-year deadline proscribed by § 1446 (b), or by August 19, 2006,[5] it cannot constitute an "other paper" and the case must be remanded to the state court from which it was removed. In support of this proposition, Plaintiffs note that the Court approved the settlement on November 14, 2006. Prior to that time, Plaintiffs state that: (1) Plaintiff J. B.'s claim remained pending; (2) no dismissal pleading was filed so Plaintiff J. B. remained a party to the action; and (3) Defendants failed to tender any settlement check in exchange for a fully executed release of claims. While the Court has already found that Defendants cannot show the amount in controversy requirement is met, neither is the Court persuaded by this argument of Defendants.

Section 507.184 makes clear that a settlement of a minor's claim "shall not be effective until approved by the court." *See also Kress v. Lederle Lab.* 901 S.W.2d 206, 209 (Mo. App. 1995) (same). Here, Defendants and Plaintiff J.B. may have agreed to enter into a settlement agreement prior to §1446(b)'s one-year deadline. However, the settlement was not approved by the Court until November 14, 2006, and therefore did not become effective until approximately three months after the one-year deadline passed. Even if the settlement had been approved by the Court within the one year period, this information known by Defendant does not satisfy their burden in demonstrating the amount in controversy jurisdictional requirement is met. In any event, the Court finds that, as of August 19, 2006, the settlement at issue did not constitute an

---

(2) The next friend, guardian ad litem or conservator shall have the power and authority to contract on behalf of the minor for a settlement of the minor's claim, action or judgment, provided that such contract or settlement shall not be effective until approved by the court.

[5] Plaintiffs commenced this action on August 19, 2005. Under § 1446(b), Defendants were required to file the notice of removal no later than August 19, 2006.

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

"other paper" under § 1446(b) and Defendants, at that time, could not rely on it to remove the case to this Court.

Defendants reliance on *Dumas v. Patel*, 317 F. Supp.2d 1111, 1115 (W.D. Mo. 2004) and *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir. 1985) is misplaced. In *Dumas*, the court determined that there was "no difference between extinguishing a controversy by a voluntary dismissal in court and extinguishing it by a settlement of the controversy out of court." *Dumas*, 317 F. Supp. 2d at 1115 (citing *Gable v. Chicago, M., St. P. & P.R. Co.*, 8 F. Supp. 944, 946 (W.D. Mo. 1934)). In *Chohlis*, the court determined that a settlement between the plaintiff, a widow whose husband died in a plane crash, and the defendant, the pilot's estate, was final enough to support removal. 760 F.2d at 903 n.2. These cases are distinguishable because there is no evidence that the settlements at issue would not have been effective without court approval.

Here, the Missouri Revised Statute §507.184 governs the settlement between Plaintiff J.B. and Defendants; it unequivocally states that a settlement agreement, effected on behalf of a minor, has no effect until it is approved by the Court. Thus, in order for Plaintiff J.B.'s settlement to serve as a valid enforceable contract, it must be approved by the court. Prior to court approval, the settlement in this case lacked finality and could not be equated with dismissal. The Court, therefore, concludes that, during the relevant time period, the settlement at issue could not be characterized as an "other paper" under § 1446(b) and Defendants failed to comply with § 1446(b)'s one-year time limit for removal. The Court lacks jurisdiction over this action and it must be remanded to the state court from which it was removed.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [doc. #5] is **GRANTED** and this case is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri.

Dated this 19th day of March, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com